FILED
2009 DEC 22 PM 12:05

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | BY _____ DEPUTY |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| TRITON FINANCIAL, LLC, TRITON ACQUISITION, LP, d/b/a TRITON INSURANCE, LP, and KURT B. BARTON | A09CA924 JN |
| Defendants. | |

## AGREED ORDER APPOINTING RECEIVER

This matter came on before me, the undersigned United States District Judge, this 22 day of December 2009, on the application of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Receiver for, among others, Defendants Triton Financial, LLC, Triton Acquisition, LP, and Kurt B. Barton ("Defendants"). Having considered the agreement of the parties and that it appears that this Order Appointing Receiver is both necessary and appropriate in order to prevent waste and dissipation of the assets of the Defendants to the detriment of investors:

I.

**IT IS THEREFORE ORDERED:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, claims in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants, entities that they own or control, and all limited partnerships of which any of them is a general partner ("Receivership

Assets"), and the books and records of all Defendants, entities that they own or control, and all limited partnerships of which any of them is a general partner ("Receivership Records"). The following entities are hereby placed into receivership: all Defendants, Triton Services, LLC d/b/a Triton Realty, Triton Capital Services, LLC d/b/a Triton Land Development, Tvest Group, LLC, Capvest, LLC, Triton Sports Management, Inc., Triton Opportunity Fund I, LLC, Triton Opportunity Fund III, LLC, 8121 Bee Cave, LP d/b/a Triton Center, LP; Boyce Lane, LP; Bratton Lane Commercial Park, LP; Cobblestone Apartments, LP; Dealerships, LP; Geogian Warehouse, LP; Grant Villa Apartments, LP; The Guadalupe Venue, LP; Kammy Warehouse, LP; McNeil Auto, LP; Meister Place, LP; Middle Fiskville Warehouse, LP; Palmer Auto, LP; Triton Athletic Center, LP; Triton Golf, LP; Triton Plaza, LP; Triton Sports Center, LP; Berthoud, LP; Hidden Springs, LP; Swanee Lofts, LP d/b/a Howard Lane, LP; HS Lot Investment, LP; Rundberg Business Park, LP; Rundberg, LP; Triton Auto, LP d/b/a Pro Player Auto; Triton Auto Finance, LP; Triton Acquisition, LP d/b/a Triton Insurance, LP; Periscope Group, LP d/b/a Trivest Group Partners, LP; Triton Aggregated, LP d/b/a Triton Holdings, A Texas Limited Partnership; Triton Bridge Fund, LP; Oakbrook Place Apartments, LP; 8227 Broadway, LP aka Triton Sports Center II; JDs Café, LP d/b/a Triton Café, Triton Mortgage, LLC, and Triton Youth Foundation (collectively referred to as "Receivership Entities")

2. Steven A. Harr located at One American Center, 600 Congress Avenue, Suite 2900, Austin Texas 78701, with the phone number of (512) 391-6100, facsimile number (512) 391-6149, is appointed Receiver ("Receiver") for the Receivership Assets and Receivership Entities. The Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order. The Receiver is hereby authorized to take and have

possession of the Receivership Assets and Receivership Records. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets and Receivership Records.

3. All persons, including Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and specifically including any bank or other financial or depository institution holding accounts for or on behalf of Defendants and Receivership Entities herein, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them and shall promptly surrender all Receivership Records.

4. The Receiver is authorized, without breaching the peace and if necessary with the assistance of local peace officers or United States Marshals, to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of Receivership Assets or Receivership Records, including the premises of all entities over which he is appointed as Receiver.

5. All persons, including Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and Receivership Records from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets and Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior

permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

6. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants, Receivership Entities, or any company or entity under the direction or control of any of these entities, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail.

7. The Receiver is hereby authorized to make from Receivership Assets such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets. From and after the date of entry of this Order, the Receiver shall have the authority to conduct the business operations of Defendants and Receivership Entities and the entities they control, including the collection of rents or continuation and termination or any employment arrangement and the terms thereof. The Receiver shall have the authority to contact and negotiate with any creditors of Defendants and Receivership Entities for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Assets serve as collateral to secured creditors, the Receiver may surrender such assets to secured creditors, and shall have the authority to make such surrender conditional upon the waiver of any deficiency of collateral. Furthermore, the Receiver is authorized to renew, cancel, terminate, or otherwise adjust any agreements to which any of these Defendants and Receivership Entities are a party.

8. This Order does not prohibit the prosecution of any civil action or other proceeding against Defendants and Receivership entities, including non-dischargeability proceedings and enforcement of any judgments obtained in such actions or proceedings, or effect the release of any claim asserted therein. However, to the extent judgment creditors or other

claimants seek to prosecute an action or proceeding against the Defendants or Receivership Entities, or to satisfy a judgment or claim from Receivership Assets, they will do so only with the prior permission of this Court or the United States Bankruptcy Court in the event the Receiver recommends and the Court approves commencement of such a proceeding, and in accordance with an order of priority established by a plan of liquidation and distribution, or any automatic or other stay provided under the Bankruptcy Code.

9. The Receiver is hereby authorized to employ such employees, accountants, and attorneys and others as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets and Receivership Records.

10. The Receiver is hereby authorized to receive and collect any and all sums of money due to Defendants and Receivership Entities, whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance and operation of the Receivership Assets.

11. The Receiver is hereby authorized to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Assets or proceeds therefrom, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the collection, preservation and maintenance of the Receivership Assets.

12. The Receiver is hereby authorized to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or

entities who received assets or funds traceable to investor monies. All such actions shall be filed in this Court.

13. Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate constituting a Receivership Asset that attempts to interfere with the Receiver, his attorneys or agents in the performance of their duties. The Receiver is further authorized to change any locks or other security mechanisms with respect to any premises or other assets that constitute Receivership Assets.

14. The Receiver shall keep the Commission apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver.

15. The Receiver shall file on at least a quarterly basis an application for approval of the disbursements for professional fees and expenses to himself or others. The Receiver may pay up to 90% of the professional fees and 100% of the expenses on a monthly basis, provided statements are made on a monthly basis to the Commission, no objections thereto have been presented and applications have been made as required. Any and all costs incurred by the Receiver shall be paid from the Receivership Assets.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

III.

**IT IS FURTHER ORDERED** that this Order will remain in effect until modified by further order of this Court.

Dated this 22ⁿᵈ day of DEC. 2009.

_____
UNITED STATES DISTRICT JUDGE

Agreed to by:

_____
TOBY M. GALLOWAY
Texas Bar No. 00790733
ROBERT LONG
Arizona Bar No. 019180
DELMER DEE RAIBOURN III
Texas Bar No. 24009495

U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
(817) 978-6447 (tmg)
(817) 978-4927 (fax)

_____
ERIC J. TAUBE
Hohmann, Taube & Summers, LLP
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: 512-472-5997
Telecopier: 512-472-5249
ATTORNEY FOR DEFENDANTS TRITON FINANCIAL, LLC AND TRITON ACQUISITION, LP.

_____
KURT B. BARTON
CEO and Managing Member, Triton Financial, LLC;
Managing Member, Triton Services, LLC, d/b/a Triton Realty;
Managing Member, Triton Capital Services, LLC, d/b/a Triton Land Development;
Managing Member, Tvest Group, LLC;
Managing Member, Capvest, LLC; and
Director, Triton Sports Management, Inc.

### III.

**IT IS FURTHER ORDERED** that this Order will remain in effect until modified by further order of this Court.

Dated this 22nd day of DEC., 2009.

_____
UNITED STATES DISTRICT JUDGE

Agreed to by:

_____
TOBY M. GALLOWAY
Texas Bar No. 00790733
ROBERT LONG
Arizona Bar No. 019180
DELMER DEE RAIBOURN III
Texas Bar No. 24009495

U.S. Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, TX 76102-6882
(817) 978-6447 (tmg)
(817) 978-4927 (fax)

_____
ERIC J. TAUBE
Hohmann, Taube & Summers, LLP
100 Congress Avenue, 18th Floor
Austin, TX 78701
Telephone: 512-472-5997
Telecopier: 512-472-5249
ATTORNEY FOR DEFENDANTS TRITON FINANCIAL, LLC AND TRITON ACQUISITION, LP.

_____
KURT B. BARTON
CEO and Managing Member, Triton Financial, LLC;
Managing Member, Triton Services, LLC, d/b/a Triton Realty;
Managing Member, Triton Capital Services, LLC, d/b/a Triton Land Development;
Managing Member, Tvest Group, LLC;
Managing Member, Capvest, LLC; and
Director, Triton Sports Management, Inc.

A true copy of the original, I certify.
Clerk, U.S. District Court

By _____
Deputy

*SEC v. Triton Financial, LLP, et al.*                                                  7
Order Appointing Receiver